**08 CV 7191**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANDY SZULIMOWSKI, HEATHER NEAL, and AARON NEAL, | Civil Case Number: |
| Plaintiff, | **CIVIL ACTION** |
| -against- | **COMPLAINT** **AND** |
| | **DEMAND FOR JURY TRIAL** |
| LAW OFFICES OF JASON J. EVANS, P.C. | |
| Defendant. | |

RECEIVED
AUG 13 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs, Mandy Szulimowski (hereinafter "Ms. Szulimowski"), Heather Neal (hereinafter "Ms. Neal") AND Aaron Neal (hereinafter "Mr. Neal") (collectively 'Plaintiffs") by and through their undersigned attorney, allege upon knowledge as to themselves and their own acts, and as well as to all matters information and belief, against the above-named Defendant, Law Offices of Jason J. Evans, P.C., their employees, agents, and successor the following:

## PRELIMINARY STATEMENT

1.  Plaintiffs bring this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiffs further bring this action for damages arising from Defendant's invasion of Ms. Szulimowski's privacy.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

4.    This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367.  The supplemental claims are so related to claims in the action within such original jurisdiction, that they are part of the same case and controversy.

## DEFINITIONS

5.    As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

6.    The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.    Ms. Szulimowksi is a natural person and a resident of the State of New York, County of New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.    Ms. Neal is a natural person and a resident of the State of Pennsylvania, County of Lehigh and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

9.    Mr. Neal is a natural person and a resident of the State of Pennsylvania, County of Lehigh and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

10.    Defendant is a law firm with its principal executive office located at 5355 Main Street, Williamsville, New York 14221.

11.    Upon information and belief, Defendant regularly collects or attempts to collect debts alleged to be due another using the mail, telephone, facsimile, and other methods. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

12.    On or about May 20, 2008, Don McCleary, an employee of Defendant, contacted Mr. Neal in an attempt to collect a debt that was allegedly owed by Ms. Szulimowski.

13.    Mr. McCleary introduced himself to Ms. Neal and informed her that he was calling from the Lehigh Valley District Attorney's Office.

14.    Mr. McCleary informed Mr. Neal that Ms. Szulimowski was a defendant in a case he was investigating involving a past due debt in the amount of $11,000 and that if she failed to make immediately payment she would be arrested.

15.    Mr. McCleary demanded that Mr. Neal immediately supply him with a telephone number and an address where he could contact Ms. Szulimowski.

16.    Mr. Neal gave the telephone to Ms. Neal who had Ms. Szulimowski contact information.

17.    Ms. Neal asked Mr. McCleary who he was and the nature of his telephone call.

18.    Mr. McCleary informed Ms. Neal that he was with the Lehigh Valley District Attorney's Office and that he was investigating Ms. Szulimoski regarding a debt in the amount of $11,000.

19.    Ms. Neal being skeptical, demanded proof that Mr. McCleary was in fact an attorney.

20.    On or about May 20, 2008, Mr. McCleary sent an email to Ms. Neal with his contact information referencing a case number of 545131. A copy of said email is attached hereto as **Exhibit A**.

21.    Ms. Neal forwarded said email to Ms. Szulimowski.

22.    On or about May 20, 2008, Ms. Szulimowski called Defendant regarding the alleged debt.

23.    During said conversation, Defendant informed Plaintiff that the alleged debt was regarding an automobile loan with a balance of over $11,000.

24.    Upon information and belief, the alleged debt is over six year old.

25.    During said conversation, Defendant demanded immediate payment of the alleged debt from Ms. Szuliomwski and if she failed to do so she would be faced with lawsuit.

26.    After informing Defendant that she was unable to pay $11,000 to satisfy the alleged debt, Defendant offer to settle the debt for only $1,000, however, he demanded that Plaintiff must pay this amount within one week.

27.    Ms. Szulimowski requested a letter confirming the discounted arrangements and supplied Defendant with her home address.

28.    On or about May 21, 2008, Ms. Szulimowski disputed the alleged debt and demanded verification of the same through the undersigned attorney. A copy of said dispute is attached hereto as **Exhibit B**.

29.    Defendant has failed to supply verification of the alleged debt.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. §1692g(a)(3)

30.    Plaintiffs repeats the allegations contained in paragraphs 1 through 30 as if the same were set forth at length.

31.    Collection activity, such as those employed by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

32.    Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer.

33.    Section 1692g(a)(3) specifically requires a debt collector to provide in its initial communication with a consumer a statement, that: "[U]nless the consumer, within thirty days after receipt of the initial communication, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

34.    Defendant violated §1692g(a)(3) by failing to provide the required notice informing Ms. Szulimowski of her right to dispute the alleged debt within thirty days of the initial communication.

35.    Ms. Szulimowski sustained damages when Defendant failed to provide the required notice informing Ms. Szulimowski of her right to dispute the alleged debt.

36.    By reason thereof, Defendant is liable to Ms. Szulimowski for declaratory judgment that Defendant's conduct violated Section 1692g(a)(3) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g(a)(4)

37.    Plaintiffs repeat the allegations contained in paragraphs 1 through 36 as if the same were set forth at length.

38.    Section 1692g(a)(4) requires a debt collector to provide in its initial communication with a consumer a statement that "[I]f the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

39.     Defendant violated §1692g(a)(4) by failing to provide the required notice informing Ms. Szulimowski of her right to obtain verification of the alleged debt.

40.     By reason thereof, Defendant is liable to Ms. Szulimowski for declaratory judgment that Defendant's conduct violated Section 1692g(a)(4) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692<br>VIOLATION OF 15 U.S.C. § 1692g(a)(5)

41.     Plaintiffs repeat the allegations contained in paragraphs 1 through 40 as if the same were set forth at length.

42.     Section 1692g(a)(5) requires a debt collector to provide in its initial communication with the consumer a statement that: "[U]pon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

43.     Defendant violated §1692g(a)(5) by failing to provide the required notice informing Ms. Szulimowski of her right to obtain the name and address of the original creditor of the alleged debt.

44.     By reason thereof, Defendant is liable to Ms. Szulimowski for declaratory judgment that Defendant's conduct violated Section 1692g(a)(5) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT IV

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692b(2).

45.     Plaintiffs repeat the allegations contained in paragraphs 1 through 44 as if the same were here set forth at length.

46.     Section 1692b(2) of the FDCPA states, "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall ... not state that such consumer owes any debt."

47.     Defendant violated Section 1692b(2), by communicating with Ms. Neal and telling her that Ms. Szulimowski owed a debt in the amount of $11,000.

48.     Plaintiffs sustained damages when the Defendant communicated with Ms. Neal and telling her that Ms. Szulimowski owed a debt.

49.     By reason thereof, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated Section 1692b(2) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT V

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692c(b).

50.     Plaintiffs repeat the allegations contained in paragraphs 1 through 49 as if the same were here set forth at length.

51.     Section 1692c(b) of the FDCPA, prohibits a debt collector "without prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction.... A debt collector may not communicate, in connection with the

collection of any debt, with any person other than the consumer, his attorney…"

52.     Defendant violated Section 1692c(b) of the FDCPA by communicating with Ms. Neal and Mr. Neal in an attempt to collect the alleged debt, without Ms. Szulimowski's consent.

53.     Plaintiffs sustained damages when the Defendant communicated with Ms. Neal and Mr. Neal without the consent of Ms. Szulimowski.

54.     By reason thereof, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated Section 1692c(b) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT VI

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(2)(a).

55.     Plaintiffs repeat the allegations contained in paragraphs 1 through 54 as if the same were here set forth at length.

56.     Section 1692e of the FDCPA states, "A debt collector may not use any false, deceptive, or misleading representations or deceptive means in connection with the collection of any debt."

57.     Section 1692e(2)(a) of the FDCPA makes it a violation for a debt collect to make a "False representation of – the character, amount, or legal status of any debt."

58.     Defendant violated Section 1692e(2)(a) by falsely representing the legal status of the alleged debt when Defendant told Ms. Neal and Mr. Neal that the alleged debt and Ms. Szulimowski were being investigated by the Lehigh Valley District Attorney's Office.

59.     Defendant further violated Section 1692e(2)(a) by sending an email to Ms. Neal stating "The case # is 54131." *See* **Exhibit A.**

60.    Plaintiffs sustained damages when the Defendant falsely represented the legal status of the alleged debt.

61.    By reason thereof, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated Section 1692e(2)(a) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

### COUNT VII

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(5)

62.    Plaintiffs repeat the allegations contained in paragraphs 1 through 61 as if the same were here set forth at length.

63.    Section 1692e(5) makes a violation of the FDCPA the: [T]hreat to take any action that cannot legally be taken or that is not intended to be taken.

64.    Defendant violated Section 1692e(5) of the FDCPA by threatening to take legal action against Ms. Szulimowski when the alleged debt is time barred.

65.    Plaintiffs sustained damages when Defendant threatened to take action that it cannot legally or intended to take.

66.    By reason thereof, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated Section 1692e(5) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

### COUNT VIII

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

67.    Plaintiff repeats the allegations contained in paragraphs 1 through 66 as if the same were here set forth at length.

68. Section 1692e(7) of the FDCPA makes a violation "the false representation or implication that the consumer committed any crime..."

69. Defendant violated Section 1692e(7) by falsely representing to Ms. Neal and Mr. Neal that Ms. Szulimowski was being investigated by the Lehigh Valley District Attorney's Office.

70. Plaintiffs sustained damages when Defendant falsely represented to Ms. Neal and Mr. Neal that Ms. Szulimowski was being investigated by the Lehigh Valley District Attorney's Office.

71. By reason thereof, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated Section 1692e(7) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT IX

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

72. Plaintiffs repeat the allegations contained in paragraphs 1 through 71 as if the same were here set forth at length.

73. Section 1692e(10) of the FDCPA makes it a violation for a debt collector to: "[U]se any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

74. Defendant employed deceptive means in their attempt to collect the alleged debt by telling Ms. Neal and Mr. Neal that they were from the Lehigh Valley District Attorney's office.

75. Plaintiffs sustained damages when the Defendant used false and deceptive means in an attempt to collect the alleged debt.

76.    By reason thereof, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT X

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 VIOLATION OF 15 U.S.C. § 1692e(11)

77.    Plaintiffs repeat the allegations contained in paragraphs 1 through 76 as if the same were here set forth at length.

78.    It is a violation of Section 1692e(11) of the FDCPA for a debt collector to fail "to disclose in subsequent communications that the communication is from a debt collector."

79.    Defendant violated Section 1692e(11) by failing to disclose to Ms. Neal, Mr. Neal and Ms. Szulimowski that the communications were from a debt collector and that any information obtained would be used for that purpose..

80.    Plaintiffs sustained damages when Defendant failed to disclose to Ms. Neal, Mr. Neal and Ms. Szulimowski that the communication was from a debt collector, that the communication were an attempt to collect a debt and that any information obtained would be used for that purpose.

81.    By reason thereof, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated Section 1692e(11) of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT XI

### INVASION OF PRIVACY
### INTRUSION UPON SECLUSION

82.     Plaintiffs repeat the allegations contained in paragraphs 1 through 81 as if the same were here set forth at length.

83.     Defendant knowingly invaded Ms. Szulimowski's privacy when it intentionally disclosed to Ms. Neal and Mr. Neal that Plaintiff owed a debt in the amount of $11,000.

84.     Defendant's conduct was intentional, highly offensive, willful and malicious and violated Ms. Szulimowski's privacy.

85.     As a proximate consequence of Defendant's conduct, Ms. Szulimowski has suffered great emotional distress, mental pain and anguish, great worry, loss of sleep, anxiety, embarrassment, nervousness, fear and fright.

86.     By reason thereof, Ms. Szulimowski demands judgment against Defendant in the sum of Fifty Thousand Dollars ($50,000.00) in compensatory damages and punitive damages together with costs and reasonable attorney's fees.

## COUNT XII

### INVASION OF PRIVACY
### PUBLIC DISCLOSURE OF A PRIVATE FACT

87.     Plaintiffs repeat the allegations contained in paragraphs 1 through 86 as if the same were here set forth at length.

88.     Defendant knowingly released information, which was private to Ms. Szulimowski and concerned her private life to Ms. Neal and Mr. Neal.

89.     Defendant's conduct was intentional, highly offensive, willful and malicious and violated Ms. Szulimowski's privacy.

90.    As a proximate consequence of Defendant's conduct, Ms. Szulimowski has suffered great emotional distress, mental pain and anguish, great worry, loss of sleep, anxiety, embarrassment, nervousness, fear and fright.

91.    By reason thereof, Ms. Szulimoski demands judgment against Defendant in the sum of Fifty Thousand Dollars ($50,000.00) in compensatory damages and punitive damages together with costs and reasonable attorney's fees.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants on each count as follows:

### Counts I - X

(a)    Issuing a preliminary and/or permanent injunction restraining Defendant, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(b)    Issue a declaratory Order requiring Defendant to make corrective disclosures;

(c)    Awarding Plaintiffs statutory damages;

(d)    Awarding Plaintiffs compensatory damages;

(e)    Awarding Plaintiffs punitive damages;

(e)    Awarding Plaintiffs costs of this action, including reasonable attorney's fees and expenses; and

(f)    Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

### Count XI - XII

(a)     Awarding Ms. Szulimowski compensatory damages in the amount of Fifty Thousand Dollars ($50,000.00) on each count;

(d)     Awarding Ms. Szulimowski punitive damages;

(c)     Awarding Ms. Szulimowski cost of this action, including reasonable attorney's fees; and

(d)     Awarding Ms. Szulimowski such other relief as this Court may deem just and proper.

Dated:   Fairfield, New Jersey
         August 11, 2008

Joseph K. Jones (JJ-5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900
(973) 244-0019 facsimile
jkj@legaljones.com

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

Joseph K. Jones (JJ-5509)

# Exhibit

# A

> Date: Tue, 20 May 2008 10:12:05 -0700
> From: heather_eastern@yahoo.com
> Subject: attorney information
> To: mandyz23@hotmail.com
>
> Here is what the guy sent me...
>
>
> --- On Tue, 5/20/08, Don McCleary <dmccleary@evans-law.com> wrote:
>
> > From: Don McCleary <dmccleary@evans-law.com>
> > Subject:
> > To: heather_eastern@yahoo.com
> > Date: Tuesday, May 20, 2008, 12:44 PM
> > The case # is 545131 my office number is 1866-591-8781 ext
> > 40 Mr macleary .
> > Jason j Evans Law Associates
> >
> > www.nysba.org <http://www.nysba.org/> to validate
> > attorney .
>
>
>

# Exhibit

# B

*Law Offices of*

# Joseph K. Jones, LLC

Attorney at Law

| | | |
|---|---|---|
| 375 Passaic Avenue | <u>Admitted to Practice</u> | 110 Wall Street |
| Suite 100 | New York | 11th Floor |
| Fairfield, New Jersey 07004 | New Jersey | New York, NY 10005 |
| 973-227-5900 | United States District Court, Eastern District of New York | 212-709-8301 |
| facsimile 973-244-0019 | United States District Court, New Jersey | |
| jkj@legaljones.com | Connecticut | |

May 21, 2008

<u>Via facsimile (716) 630-0553, Certified Mail 7002 2030 0002 5080 6614, and Regular Mail</u>
Don McCleary
Jason J. Evans Law Associates
5355 Main Street
Williamsville, New York 14221

> Re:  **Mandy Szulimowski**
> **Case No.:  545131**

Dear Mr. McCleary:

This firm has been retained to represent the interest of Mandy Szulimowski, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Szulimowski.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New Jersey</u> office.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
LAW OFFICES OF JOSEPH K. JONES, LLC

Joseph K. Jones
Attorney at law

JKJ: tw
cc:    Mandy Szulimowski

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Don McCleary
5355 Main St.
Williamsville, NY 14221

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _Judith L Pet_
☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
5 - 27

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from    7002 2030 0002 5080 6614

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 43 |
| Certified Fee | 2.70 |
| Return Receipt Fee (Endorsement Required) | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.32 |

Postmark
Here

Sent To
Don McCleary
Street, Apt. No.; or PO Box No.   5355 Main St
City, State, ZIP+4   Williamsville, NY 14221

PS Form 3800, June 2002    See Reverse for Instructions

7002 2030 0002 5080 6614

375 Passaic Ave
Suite 100
Fairfield, NJ 07004
Phone: 973-227-5900
Fax: 973-244-0019

# **Law Offices of Joseph K. Jones, LLC**



| **To:** | **Don McCleary** | **From:** | Joseph K. Jones |
|---|---|---|---|
| **Fax:** | 716-630-0553 | **Date:** | May 21, 2008 |
| **Phone:** | | **Pages:** | 2 |
| **Re:** | Mandy Szulimowski | **CC:** | |
| | Case No.: 545131 | | |

| **Urgent** | ☐ **For Review** | ☐ **Please Comment** | ☐ **Please Reply** | ☐ **Please Recycle** |
|---|---|---|---|---|

•**Comments:**

## CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain legally privileged and confidential information belonging to the sender, which is legally protected. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distributing or taking of any action in reliance on the contents of this telecopier information is strictly prohibited. If you have received this telecopy in error, please notify us immediately by telephone (collect) to arrange for return of the telecopier documents to us.

TIME : 05/21/2008 15:02

TRANSMISSION VERIFICATION REPORT

| | |
|---|---|
| DATE,TIME | 05/21 15:02 |
| FAX NO./NAME | 17166300553 |
| DURATION | 00:00:32 |
| PAGE(S) | 02 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |